IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DURREL PARKER,
      Plaintiff,

v.

DIVERSE STAFFING GEORGIA, INC.
      Defendant.

CIVIL ACTION NO.
1:20-cv-01913-TWT-RGV

**ORDER**

This action is before the Court upon the unopposed motions for sanctions filed by defendants Diverse Staffing Georgia, Inc. ("Diverse") and Nam Dae Mun, LLC ("Nam Dae Mun"). [Docs. 27 & 28].[1] On December 23, 2020, the undersigned issued a Non-Final Report and Recommendation ("R&R"), recommending that the motions to dismiss filed by these and other defendants be granted and that Diverse and Nam Dae Mun's motions for sanctions be granted as well. [Doc. 33]. Specifically, the undersigned recommended that monetary sanctions in the form of attorney's fees and costs be imposed against plaintiff Durrel Parker's ("Parker") counsel pursuant to Federal Rule of Civil Procedure 11 for the time counsel for Diverse and Nam Dae Mun spent preparing and filing their motions to dismiss

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

Parker's amended complaint, as well as the time spent on preparing and filing their motions for sanctions. [Id. at 45 (citation omitted)]. The Court directed Diverse and Nam Dae Mun to file within twenty-one days declarations of counsel supporting their respective motions, and that Parker's counsel file any response opposing the amount of attorney's fees and costs sought within fourteen days after service of those declarations, warning that "should he fail to file a response within the time allowed, the amount requested by Diverse and Nam Dae Mun [would] be deemed to be unopposed" pursuant to Local Rule 7.1(B). [Id. at 45 n.22 (citing LR 7.1(B), NDGa.)]. On January 12, 2021, the Honorable Thomas W. Thrash, Jr., Chief United States District Judge, adopted the R&R, [Doc. 37], and an order was entered on the docket that day granting the motions for sanctions, [Docket Entry dated 12/23/2020 (entered on 01/12/2021)].

Counsel for Diverse and Nam Dae Mun each have filed declarations in support of their motions for sanctions. [Docs. 35 & 36]. On December 30, 2020, Diverse filed the Declaration of Lee Clayton, [Doc. 35], indicating that it incurred a total of $14,520.00 in attorney's fees in connection with preparing its motion to dismiss Parker's amended complaint and its motion for sanctions, [id. ¶ 14 (citation omitted)]. Counsel for Diverse spent a total of 60.4 hours on these motions, at a rate of $275.00 per hour for the two partners, $225.00 per hour for the associate, and $150.00 per hour for the paralegal. [Id. ¶¶ 5-13 (citation omitted)];

see also [Doc. 35-1].  On January 7, 2021, Nam Dae Mun filed the Declaration of Crystal Stevens McElrath, [Doc. 36], indicating that it incurred a total of $5,600.00 in attorney's fees in connection with preparing its motion to dismiss and its motion for sanctions, [id. ¶ 8 (citation omitted)].  Counsel for Nam Dae Mun spent a total of 28 hours on these motions, at a rate of $200.00 per hour.  [Id. ¶¶ 5-7 (citation omitted)]; see also [Doc. 36-1].  Parker has not responded to the motions for sanctions or the declarations filed by counsel in support of the motions and because the time to do so has passed, the amount requested by Diverse and Nam Dae Mun is deemed to be unopposed.  See LR 7.1(B), NDGa.; [Doc. 33 at 45 n.22].

>Federal Rule of Civil Procedure 11 provides in relevant part:
>
>By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
>(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)-(3).  "Rule 11(c) authorizes a court to impose appropriate sanctions on an attorney or party who has violated Rule 11(b)."  Tucker v. U.S. Small Bus. Admin., Civil Action File No. 1:09–CV–2723–TWT, 2010 WL 925176, at *3 (N.D. Ga. Mar. 8, 2010) (citation omitted).  The Court has already determined that Parker's counsel violated Rule 11(b) by pursuing claims that had no legal merit, despite being put on notice of the deficiencies of those claims in Diverse's motion to dismiss the original complaint, and despite having sufficient time to research the issues and either correct the errors or withdraw the claims, and that an award of attorney's fees and costs for Diverse and Nam Dae Mun is warranted. See [Doc. 33 at 39-45].[2]  "The part[ies] seeking fees pursuant to Rule 11 . . . bear[] the burden of providing evidence supporting the amount of fees sought."  Hajdasz v. Magic Burgers, LLC, Case No. 6:18-cv-1755-Orl-22LRH, 2019 WL 3383546, at *2 (M.D. Fla. May 17, 2019), adopted by 2019 WL 3383429, at *5 (M.D. Fla. June 26, 2019), aff'd, 805 F. App'x 884 (11th Cir. 2020) (per curiam) (unpublished) (citations omitted).  Diverse and Nam Dae Mun have supplied the declarations of their counsel supporting their requests for attorney's fees and documenting the hours expended and the hourly rates of counsel, [Docs. 35 & 36], which Parker has not

---

[2] The Court has determined that sanctions in the form of attorney's fees is warranted against Parker's counsel only, and not against Parker himself. [Doc. 33 at 43-45].

4

opposed, and the Court finds the hours expended and the hourly rates to be reasonable based on the record before the Court.

Accordingly, the Court awards Diverse and Nam Dae Mun their requested attorney's fees, and for the reasons stated herein and in the R&R of December 23, 2020, [Doc. 33], the Court **ORDERS** Parker's counsel to pay $14,520.00 to Diverse and $5,600.00 to Nam Dae Mun for attorney's fees incurred in preparing and filing their motions to dismiss Parker's amended complaint and their motions for sanctions.

**IT IS SO ORDERED**, this 29th day of January, 2021.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE